IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHEED HARRIS,** : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 14-0893 |
| : | |
| : | |
| **FOLINO,** *et al.*, : | |
| Respondents. : | |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                                 **September 21, 2016**

Petitioner seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. Magistrate Judge Henry S. Perkin issued a Report and Recommendation ("R&R") recommending that the petition be denied, to which Petitioner filed objections. For the following reasons, Petitioner's objections will be overruled and the petition for writ of habeas corpus will be denied.

I.  **PROCEDURAL HISTORY**

Petitioner is currently incarcerated in a state correctional institution, having pleaded guilty to three crimes: (1) possession with intent to deliver a controlled substance ("PWID"); (2) criminal conspiracy; and (3) possessing instruments of crime ("PIC"). Petitioner, now proceeding *pro se*, was represented during his guilty pleas, which were accompanied by oral and written colloquies in which Petitioner admitted his guilt numerous times. The trial court sentenced Petitioner to five to ten years imprisonment for his PWID conviction, five to ten years imprisonment for his conspiracy conviction, and two and one-half to five years imprisonment for his PIC conviction. Petitioner's PIC sentence was ordered to run concurrently with his PWID

sentence, while Petitioner's conspiracy sentence was ordered to be consecutive to his PIC sentence.[1]

After sentencing, Petitioner's counsel filed a motion for reconsideration, arguing that Petitioner was innocent and had not knowingly or intelligently entered his guilty pleas. The trial court denied the motion, and Petitioner appealed his sentence. The Pennsylvania Superior Court affirmed the trial court,[2] and the Pennsylvania Supreme Court denied review.[3] Petitioner then timely filed a *pro se* petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), and after counsel was appointed, Petitioner filed an amended petition. The petition was denied by the PCRA Court, the Pennsylvania Superior Court affirmed the denial,[4] and the Pennsylvania Supreme Court denied review.[5]

Petitioner then filed his petition in this Court, and Respondents filed a response on September 18, 2014. On January 9, 2015, Petitioner filed a Motion to Supplement, seeking leave to add four claims to his petition.[6] Magistrate Judge Perkin denied Petitioner's Motion, finding that three of the four claims were barred by the statute of limitations, and that the fourth claim was duplicative of a claim in the original Petition.[7] On March 31, 2016, Magistrate Judge Perkin issued an R&R recommending that Petitioner's claims be denied and dismissed without a hearing.

---

[1] Transcript of Record at 16:15-23, *Commonwealth v. Harris*, CP-51-CR-0903160-2006 (Phila. Ct. Comm. Pleas Apr. 9, 2008) (The Court: "As to the PWID, five to ten years credit for any time served; PIC, two-and-a-half to five, concurrent with the PWID conspiracy. Consecutive period of incarceration of five to ten.").

[2] *Commonwealth v. Harris*, 984 A.2d 1014 (Pa. Super. 2009).

[3] *Commonwealth v. Harris*, 993 A.2d 899 (Pa. 2010).

[4] *Commonwealth v. Harris*, 87 A.3d 371 (Pa. Super. 2013).

[5] *Commonwealth v. Harris*, 84 A.3d 1062 (Pa. 2014).

[6] Doc. No. 15. These claims are described in more detail in Part III.D, *infra*.

[7] Doc. No. 17.

The R&R concluded that Petitioner's claim that the PCRA court erred by not holding a hearing during which Petitioner could waive his right to counsel and proceed *pro se* was procedurally defaulted and not cognizable;[8] that Petitioner's claim that trial counsel was ineffective for failing to inform Petitioner that he faced consecutive sentences for multiple convictions was meritless; and that Petitioner's other claims for ineffectiveness of trial counsel were procedurally defaulted.[9] Petitioner timely filed objections to the R&R.[10]

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[11] Where, as here, the petition is referred to a magistrate judge for a report and recommendation, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[12]

---

[8] This procedure is referred to as a "*Grazier* hearing" after the case in which it was established. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[9] R&R, Doc. No. 24, at 9-25.

[10] Doc. No. 27. Petitioner's objections largely repeat the claims raised in his petition; to the extent Petitioner raises new arguments in his objections, they are addressed during the discussion of Petitioner's claims herein.

[11] 28 U.S.C. § 2254(a).

[12] 28 U.S.C. § 636(b)(1).

In order to raise a federal habeas claim, a petitioner must first exhaust all available state-law remedies.[13] Claims that are not exhausted will become procedurally defaulted, foreclosing federal habeas review on the merits unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[14]

Most of Petitioner's claims concern ineffectiveness of counsel. Under the Supreme Court's decision in *Strickland v. Washington*, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner.[15] Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[16] Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.[17] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[18] Similarly, an ineffective assistance of counsel claim is not established upon the showing that an error had an effect on the proceedings; rather, a

---

[13] *See* 28 U.S.C. § 2254(b)(1)(A) (requiring that a petitioner "has exhausted the remedies available in the courts of the State" before a claim is cognizable on federal habeas review).

[14] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[15] 466 U.S. 668, 687 (1984).

[16] *Id.* at 690.

[17] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

[18] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004) (citing *Moore v. Deputy Comm'r of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)).

4

defendant must show that there is a reasonable probability that the outcome would have been different in the absence of such errors.[19]

Generally, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."[20] However, the United States Supreme Court has held that, under certain circumstances, the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused, in turn, by ineffective assistance of counsel in post-conviction collateral proceedings.[21] Specifically, in *Martinez v. Ryan*, the Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[22] Thus, Petitioner may overcome procedural default by showing that the default was attributable to PCRA counsel's ineffectiveness.

### III. DISCUSSION

#### A. Petitioner's Claim that the PCRA Court Erred Is Not Cognizable.

Petitioner first claims that the PCRA court erred by not holding a *Grazier* hearing.[23] However, alleged errors by state courts in the state post-conviction process are not cognizable on federal habeas review.[24] Moreover, Petitioner's claim, which could not have been raised on

---

[19] *Strickland*, 466 U.S. at 694.

[20] 28 U.S.C. § 2254(i).

[21] *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315-21 (2012).

[22] *Id.* at 1320.

[23] *See* Petition, Doc. No. 1, Ground 1.

[24] *E.g.*, *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.").

direct appeal and was not raised in the PCRA proceedings, is not properly exhausted,[25] and is now also procedurally defaulted because the PCRA statute of limitations has run.[26]  Petitioner seeks to establish cause and prejudice to excuse his default by relying on *Martinez*,[27] but that case is inapposite:  *Martinez* concerned errors by trial *counsel*, while Petitioner alleges error by the trial *court*.[28]  Petitioner's claim thus provides no basis for relief, and, indeed, Petitioner appears to have abandoned it in his objections.

> **B. Petitioner Cannot Show Ineffectiveness of Trial Counsel Based on Counsel's Alleged Failure to Inform Petitioner That He Could Serve Consecutive Mandatory Sentences for Multiple Convictions.**

Petitioner also claims that trial counsel was constitutionally ineffective in failing to inform Petitioner that he could serve consecutive sentences for multiple convictions.[29]  Because this claim was rejected on the merits by the PCRA court and the Pennsylvania Superior Court,[30] this Court may only grant relief if the prior proceedings (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[31]  That is not the case here.

---

[25] *See* 28 U.S.C. § 2254(b)(1)(A).

[26] *See* 42 Pa. Stat. and Consol. Stat. Ann. § 9545(b)(1); *see also Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001) (finding that PCRA's statute of limitations barred federal habeas review).

[27] 132 S. Ct. 1309 (2012).

[28] *Id.* at 1320-21.  Even if Petitioner were to frame his claim as one for ineffectiveness of PCRA counsel for failing to request a *Grazier* hearing, such a claim is not cognizable, as ineffectiveness of counsel in state post-conviction proceedings does not provide an independent ground for habeas relief, but instead merely establishes "cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Id.* at 1315.

[29] Petition, Ground 11.

[30] *See* R&R at 11-14.

[31] 28 U.S.C. § 2254(d).

The state courts concluded that Petitioner was repeatedly made aware during oral and written colloquies that he could face consecutive sentences.[32] These decisions find ample support in the record. Petitioner's written guilty plea acknowledged that he could "go to jail for up to 25 years," the trial court explained to Petitioner that he could face "five to ten years incarceration *on each*" of the PWID and conspiracy counts, and Petitioner was again advised that he might face consecutive sentences at his sentencing.[33] The record also shows that counsel went over the guilty plea with petitioner, informed him of the maximum penalties he faced, and that Petitioner was granted multiple opportunities to ask questions concerning his sentencing exposure.[34] Under these circumstances, the Court cannot conclude that the state courts acted unreasonably in rejecting Petitioner's claim.[35]

### C. Petitioner's Remaining Claims Concerning Ineffectiveness of Trial Counsel Are Procedurally Defaulted, and Petitioner Has Not Shown Cause and Prejudice Sufficient to Excuse His Default.

Petitioner's remaining claims concerning ineffectiveness of trial counsel[36] were not raised in the PCRA proceedings, and thus are procedurally defaulted, as the PCRA statute of limitations has run.[37] Petitioner argues that PCRA counsel's failure to raise these claims constitutes cause and prejudice sufficient to excuse his default, relying on *Martinez*.[38] As explained below, however, Petitioner's claims are legally meritless and belied by the record.

---

[32] *See* R&R at 11-15.

[33] *Id.* at 12-13 (emphasis added).

[34] *Id.* at 13.

[35] *E.g.*, *Woodford v. Visciotti*, 537 U.S. 19, 26-27 (2002) (explaining that federal habeas relief is only authorized where "a state-court decision is objectively unreasonable").

[36] *See* Petition, Grounds 2-10.

[37] *See Coleman*, 501 U.S. at 750.

[38] 132 S. Ct. 1309 (2012).

7

Because an attorney cannot be ineffective for failing to raise a meritless claim, PCRA counsel's decision not to raise such claims did not deprive Petitioner of his right to effective assistance of counsel.[39]

### 1. Petitioner's Claims Concerning Mandatory Minimum Sentences.

Petitioner brings three claims concerning trial counsel's alleged failure to inform him that by pleading guilty, Petitioner was subject to mandatory minimum sentences.[40] These arguments all fail for the same reason: Petitioner acknowledged during the oral colloquy that he would receive mandatory minimum sentences.[41] Moreover, Petitioner acknowledged in his written plea colloquy that he faced up to 25 years in prison, and thus cannot show either that trial counsel was ineffective for failing to apprise him of his sentencing exposure or that he was prejudiced by any such failure.[42] While Petitioner claims that he was "under the assumption" he would face a lower sentence than the one he received,[43] he fails to demonstrate that this misunderstanding resulted from any action or omission of trial counsel.[44] Finally, Petitioner argues that he should not have been subject to a mandatory minimum sentence because he "possessed less than 2.0 grams" of crack cocaine, but this assertion finds no support in the record, which shows that

---

[39] *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (explaining that "it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent" as counsel are under no duty to raise every possible non-frivolous claim on appeal).

[40] Petition, Grounds 2-4.

[41] Transcript of Record at 8:13-9:4, *Commonwealth v. Harris*, CP-51-CR-0903160-2006 (Phila. Ct. Comm. Pleas Jan. 24, 2008).

[42] Because Petitioner acknowledged that he faced up to 25 years in prison, his argument that "the Commonwealth never gave notice of its 'intention to proceed'" with mandatory minimum sentences also fails. *See* Objection at 7 (quoting 18 Pa. Stat. and Consol. Stat. Ann. § 7508(b)).

[43] Objection at 5.

[44] Indeed, Petitioner acknowledged during his colloquy that there was "no agreement between [Petitioner] and the Commonwealth as to an agreed upon recommendation for sentencing[.]" Transcript of Record at 8:7-12, *Commonwealth v. Harris*, CP-51-CR-0903160-2006 (Phila. Ct. Comm. Pleas Jan. 24, 2008).

Petitioner was apprehended in a kitchen where approximately 15 grams of bulk crack cocaine were lying on an open table.[45] Because Petitioner's claims concerning mandatory minimum sentences are not colorable, PCRA counsel did not err in choosing not to pursue them, and Petitioner has failed to show cause for his procedural default.[46]

### 2. Petitioner's Claim Concerning the PIC Count.

Petitioner next claims that trial counsel was ineffective in not objecting to the PIC count,[47] but fails to explain how the count was faulty—a failure that warrants denial.[48] Moreover, the trial court informed Petitioner of the elements of the PIC count during his guilty plea, and the language used by the trial court appropriately tracked the language of the relevant statute.[49] There was thus no basis for trial counsel to object to the PIC count, and PCRA counsel did not err by opting not to pursue this claim.

### 3. Petitioner's Claim that He Was Not Sworn In for His Colloquy.

Petitioner also claims that he was not properly sworn in for his colloquy.[50] This argument, too, is belied by the record, which states that Petitioner was "duly sworn" prior to

---

[45] *See* Objection at 9; Transcript of Record at 23:7-21, *Commonwealth v. Harris*, CP-51-CR-0903160-2006 (Phila. Ct. Comm. Pleas Jan. 24, 2008).

[46] *Martinez*, 132 S. Ct. at 1319 (a *Strickland* claim "wholly without factual support" does not demonstrate "cause" sufficient to excuse procedural default).

[47] Petition, Ground 5.

[48] *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (explaining that vague and conclusory allegations unsupported by specific facts are insufficient to ground a claim for habeas relief) (citation omitted).

[49] 18 Pa. Stat. and Consol. Stat. Ann. § 907. Petitioner makes much of the trial court's somewhat confusing reference to a "confidential informant" while explaining the elements of the PIC count, Objection at 12, but does not explain why this rendered the PIC count faulty or otherwise required trial counsel to object. Moreover, the trial court clearly explained the elements of the offense to Petitioner and afforded him the opportunity to ask questions. The Court cannot conclude that trial counsel erred in failing to object to the count under these circumstances.

[50] Petition, Ground 6.

entering his guilty plea.[51] Even if Petitioner had not been sworn in, he suffered no prejudice from this alleged error, as he was granted the opportunity to ask questions concerning his plea and acknowledged that he understood the elements of the counts he faced and his sentencing exposure.[52] PCRA counsel did not err by opting not to raise this claim.

### 4. Petitioner's Claims Concerning His Conspiracy Conviction.

Petitioner raises two claims concerning his conspiracy conviction: that trial counsel failed to inform Petitioner that he did *not* face a mandatory minimum sentence for the conspiracy count, and that trial counsel failed to object to his conspiracy sentence.[53] Both claims fail.

As explained, the record is clear that Petitioner was made aware of his sentencing exposure for all three counts, and trial counsel cannot have been ineffective for failing to inform Petitioner of something that Petitioner already knew. While Petitioner appears to argue that the trial court should have imposed a lower sentence for the conspiracy count,[54] he fails to explain why this is true, and the record shows that Petitioner was warned multiple times that he faced five to ten years imprisonment for the conspiracy count.[55] Moreover, the discretionary aspects of a sentence are a matter of state law, and are not subject to federal habeas review.[56] Petitioner has

---

[51] R&R at 20-21.

[52] *Id.* at 21; *see also Strickland*, 466 U.S. at 687 (holding that to establish prejudice, "the defendant must show that the deficient performance prejudiced the defense").

[53] Petition, Grounds 7 and 8.

[54] Objection at 14-15.

[55] The sentence Petitioner received was within statutory limits, as it was the same as the sentence Petitioner received for the underlying PWID offense. *See* 18 Pa. Stat. and Consol. Stat. Ann. § 905(a) (providing that "attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy").

[56] *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004). Petitioner argues in his objection that this misconstrues his argument, and that he "was mislead [sic] to believe that he faced a mandatory minimum sentence for conspiracy, and that counsel failed to object." Objection at 16. But the record does not support this claim, as there is no indication that Petitioner was ever told he faced a mandatory minimum sentence for conspiracy, and even

failed to show that trial counsel erred by not informing Petitioner of his sentencing exposure on the conspiracy count or by failing to object to Petitioner's conspiracy sentence, and PCRA counsel did not act unreasonably in choosing not to pursue such claims.

### 5. Petitioner's Claims that He Is Innocent and that Trial Counsel Should Have Objected to the Factual Underpinnings of the Counts.

Finally, Petitioner argues that trial counsel was ineffective for failing to object based on both Petitioner's actual innocence and the lack of factual basis underpinning Petitioner's guilty plea.[57] Both claims fail because Petitioner admitted his guilt on the record nearly twenty times. Petitioner has not provided compelling evidence of his innocence,[58] and trial counsel cannot be faulted for failing to object to Petitioner's guilty plea when Petitioner himself has provided no basis for doing so.[59] Accordingly, it was not error for PCRA counsel to choose not to litigate Petitioner's innocence in the face of a guilty plea, and Petitioner's default of such claims is not excused.

### D. Petitioner's Request to Amend His Petition and for a Hearing.

---

if he had been, he suffered no prejudice from trial counsel's failure to object because Petitioner acknowledged his sentencing exposure on the conspiracy count.

[57] Petition, Grounds 9 and 10.

[58] Petitioner's claims of innocence focus on the PWID and conspiracy counts, but Petitioner acknowledges that he was arrested "with 16 packets of crack cocaine." Objection at 19. While Petitioner claims these "could have been used for personal use," *id.*, such speculation does not prove Petitioner's innocence. The other evidence of innocence cited by Petitioner—that a single police officer testified he did not see Petitioner on one of the nights in question, and Petitioner's assertion that he was not present at a drug sale on December 29, 2005—is similarly insufficient. *Id.* at 16-19.

[59] *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack."); *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir. 1991) ("[A] counseled and voluntary guilty plea may not be collaterally attacked in a habeas corpus action.") (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)).

11

Petitioner also requests leave to amend his petition to clarify several of his claims.[60]  This request is denied as futile.[61]  As explained, these claims are legally baseless and belied by the record; amendment would not cure such defects.  For the same reason, an evidentiary hearing is unnecessary.

Petitioner also argues that Magistrate Judge Perkin erred in denying Petitioner's Motion to Supplement.[62]  However, Judge Perkin correctly ruled that the new claims Petitioner sought to add were either duplicative or time-barred.[63]

Petitioner filed his original petition on February 11, 2014, with one day remaining in AEDPA's one-year limitation period.[64]  Petitioner's Motion to Supplement was not filed until January 9, 2015, and thus was outside the statute of limitations.[65]  Petitioner sought to add four claims:  (1) that PCRA counsel was ineffective for failing to argue that the trial court should have re-appointed trial counsel for Petitioner; (2) that the trial court lacked subject matter jurisdiction over Petitioner's counts; (3) that Petitioner was denied his right to effective assistance of counsel before the trial court accepted his waiver of counsel; and (4) that PCRA counsel and trial counsel were ineffective for failing to argue that Petitioner was not properly sworn in for his guilty plea.  The first three claims were plainly new and did not arise out of the

---

[60] Objection at 11 (Grounds 2 and 4 – counsel's failure to inform Petitioner that he faced mandatory minimum sentences), 13 (Ground 6 – counsel's failure to ensure Petitioner was properly sworn in), 15 (Ground 7 – counsel's failure to inform petitioner that he did not face a mandatory minimum sentence for his conspiracy count), 16 (Ground 8 – counsel's failure to object to Petitioner's conspiracy sentence), 18-19 (Grounds 9 and 10 – counsel's failure to object based on Petitioner's actual innocence and the lack of factual support for Petitioner's counts).

[61] *E.g.*, *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir. 2000) (noting that leave to amend a habeas petition may be denied as futile); *see also Russel v. Martinez*, 325 F. App'x 45, 46 (3d Cir. 2009) (per curiam) (affirming dismissal of habeas petition and finding leave to amend would be futile).

[62] Objection at 20-21.

[63] Doc. No. 17.

[64] *Id.* at 2 n.3

[65] *See* 28 U.S.C. § 2244(d)(1).

same common core of operative facts as Petitioner's original Petition, which neither addressed the trial court's jurisdiction nor mentioned the two additional grounds upon which Petitioner now claims he was denied effective assistance of counsel.[66] Petitioner's new claims thus did not relate back to Petitioner's original filing and are time-barred.[67] Finally, Magistrate Judge Perkin correctly denied Petitioner's Motion to Supplement as to Petitioner's final claim on the ground that it was identical to one of Petitioner's existing claims.[68]

## IV. CONCLUSION

The objections to the R&R are overruled. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[69] An order will be entered.

---

[66] Petitioner's two new claims regarding ineffective assistance of counsel are also meritless. Petitioner's claim that the trial court should have re-appointed counsel is contradicted by the record, which shows that the court did re-appoint counsel prior to Petitioner's entry of his guilty plea. Doc. No. 15 at 4. Similarly, Petitioner's claim that he was constructively denied his right to effective assistance of counsel during the brief period in which he represented himself *pro se* fails because Petitioner was provided with counsel prior to entering his guilty plea. Doc. No. 15 at 9-10. PCRA counsel did not err in opting not to pursue these futile claims.

[67] *Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); *see also Thomas*, 221 F.3d at 436 (explaining that a habeas petition may not be amended "to add a completely new claim after the statute of limitations has expired").

[68] Doc. No. 17 at 2.

[69] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).